**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA ROBINSON; GAIL NEWTON;
GEORGIA GIGGETTS; ISABEL
ANDERSON,
<u>Plaintiffs-Appellants,</u>

No. 99-2023

v.

HEALTHTEX, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CA-96-66-D)

Argued: February 28, 2000

Decided: May 30, 2000

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Bryan Coppess, AFL-CIO, Washington, D.C., for
Appellants. Donald Ross Hamilton, Jr., HAYNSWORTH, BALD-
WIN, JOHNSON & GREAVES, L.L.C., Greensboro, North Carolina,
for Appellee. **ON BRIEF:** Barbara Hudson, Evanston, Illinois, for
Appellants. James M. Powell, HAYNSWORTH, BALDWIN, JOHN-
SON & GREAVES, L.L.C., Greensboro, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Robinson, Gail Newton, Georgia Giggetts, and Isabel Anderson (collectively, Appellants) filed suit in the United States District Court for the Western District of Virginia against their employer, Healthtex, Incorporated (Healthtex), alleging gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 1999). Appellants argued that Healthtex discriminated against them when it laid them off and retained less senior male employees. The district court granted summary judgment to Healthtex and dismissed the suit without prejudice on the ground that the collective bargaining agreement, through its arbitration and antidiscrimination clauses, clearly and unmistakably requires Appellants to arbitrate their Title VII claims. After the district court issued its opinion in this case, however, we decided Brown v. ABF Freight Sys., Inc., 183 F.3d 319 (4th Cir. 1999), and clarified the standards for determining when a collective bargaining agreement has waived an individual employee's statutory rights. For the reasons that follow, we conclude that the collective bargaining agreement does not clearly and unmistakably require Appellants to arbitrate their Title VII claims. Accordingly, we reverse the district court's grant of summary judgment to Healthtex and remand for further proceedings consistent with this opinion.

I.

Appellants each worked in Healthtex's cutting department. Robinson and Anderson were "take-off" operators, Giggetts was a "relay" operator, and Newton was a "bundle and tie" operator. In mid-1995, Healthtex decided to reorganize several of its departments and drew up a plan that included layoffs based upon seniority within various affected positions. In November 1995, Healthtex laid off Appellants pursuant to its reorganization plan.[1] Notwithstanding the reorganiza-

_____

[1] Giggetts was laid off because Healthtex eliminated her position entirely. Robinson, Anderson, and Giggetts remained laid off for a period

2

tion and layoff, three "utility" positions remained available. Healthtex, however, filled those positions with male employees who had less seniority than Appellants. Another "utility" position opened shortly after the layoff, but it, too, was filled by a male employee who had less seniority than Appellants.

As members of the Union of Needletrades, Industrial Textile Employees (UNITE), Appellants are subject to a collective bargaining agreement (CBA). The CBA contains several relevant provisions that govern employment disputes. Article XII governs grievance and arbitration procedures and provides that

> [a]ll complaints, grievances or disputes arising between the parties hereto <u>relating directly or indirectly to the provisions of this Agreement</u> shall in the first instance be taken up for adjustment by a representative of the union and a representative of the company.

(J.A. at 570 (emphasis added).) It also provides that "[i]n the event that the parties are unable amicably to adjust any of the aforesaid complaints, grievances or disputes, such matters shall be referred for arbitration and final determination to an Arbitrator" and that

> the procedure established in this Agreement for the adjustment and arbitration of complaints, grievances and disputes shall be the exclusive means for the determination of such complaint, grievance or dispute. None of the parties hereto shall institute any proceeding in a court of law or equity or any administrative tribunal other than to compel arbitration or to enforce an arbitration award as herein provided. It is further agreed that this provision shall constitute a complete defense to any action instituted contrary hereto.

(J.A. at 570-71.) Article XV, which governs "compliance with existing laws," states, in relevant part, that

_____

of approximately six months before Healthtex recalled them to work. Newton accepted a lower paying position at Healthtex after her layoff.

3

A. The Company <u>agrees to comply with all Federal, State, and Municipal laws</u> affecting wages, hours, working conditions, and all other conditions of employment.

B. Non-Discrimination: The Company and the Union agree that there will be <u>no discrimination</u> against any employees because of race, creed, color, sex, national origin, age, veteran status or mental and physical handicap, <u>contrary to the provisions of Federal and State law</u>.

(J.A. at 571 (emphasis added).)

Robinson asked UNITE to file a grievance regarding Appellants' layoffs, but UNITE declined to do so. Robinson subsequently filed a charge with the Equal Employment Opportunity Commission (EEOC). On December 3, 1996, Appellants filed suit against Healthtex in the United States District Court for the Western District of Virginia alleging Title VII gender discrimination. None of the Appellants except Robinson filed an EEOC claim before filing suit in federal court.

On September 30, 1997, the district court granted summary judgment to Healthtex and dismissed Appellants' case without prejudice, concluding that it lacked jurisdiction to hear the suit because Appellants' Title VII claim was subject to mandatory arbitration under the CBA.[2] Appellants appealed, and, in the interim, the Supreme Court decided <u>Wright v. Universal Maritime Serv. Corp.</u>, 119 S. Ct. 391 (1998), which held that absent a clear and unmistakable waiver, a collective bargaining agreement is not deemed to waive an employee's statutorily protected rights, such as those arising under the Americans with Disabilities Act. <u>See id.</u> at 396. On December 14, 1998, we remanded this case for reconsideration in light of <u>Wright</u>. On remand,

_____

[2] The district court, mindful of our directive in <u>Austin v. Owens-Brockway Glass Container, Inc.</u>, 78 F.3d 875 (4th Cir. 1996), to "express[ ] no opinion on the merits of the claim[s]" when enforcing a collective bargaining agreement's mandatory arbitration clause with respect to statutory antidiscrimination claims, <u>see id.</u> at 886, granted summary judgment against Appellants and explicitly dismissed the case without prejudice and without considering the merits of the claims.

4

the district court again granted summary judgment to Healthtex and dismissed without prejudice Appellants' Title VII claims, concluding that the CBA clearly and unmistakably waives Appellants' rights to litigate their Title VII claims. On July 19, 1999, Appellants timely filed their notice of appeal.

II.

Appellants argue that the district court erred in looking to the CBA's arbitration and antidiscrimination clauses and reasoning that the antidiscrimination clause's prohibition against discrimination "contrary to the provisions of Federal and State law" was an explicit incorporation of federal antidiscrimination law sufficient to constitute a clear and unmistakable waiver because, under Brown v. ABF Freight Sys., Inc., 183 F.3d 319 (4th Cir. 1999), the CBA's antidiscrimination provision constitutes, at most, a simple agreement not to discriminate rather than an explicit incorporation of Title VII's antidiscrimination provisions.[3] Healthtex responds that the CBA's antidiscrimination provision explicitly incorporates federal antidiscrimination law and that its arbitration provision explicitly makes arbitration the exclusive remedy for all covered disputes, including those arising under the antidiscrimination clause. Healthtex argues, therefore, that the CBA's arbitration and antidiscrimination clauses, read together, clearly and unmistakably waive Appellants' rights to litigate their Title VII claims. Reviewing the district court's grant of summary judgment de novo, see Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875, 877 (4th Cir. 1996), we agree with Appellants that the district court erred in concluding that the CBA clearly and unmistakably waives Appellants' rights to litigate their Title VII claims. Accordingly, we reverse and remand.

In this Circuit, union-negotiated collective bargaining agreements that require employees to arbitrate statutory discrimination claims are

_____

**3** Appellants also argue that even if the CBA requires them to arbitrate their claims, the district court erred in relying upon Austin v. Owens-Brockway Glass Container, Inc., 78 F.3d 875 (4th Cir. 1996), to conclude that the waiver is enforceable. Because the CBA does not clearly and unmistakably require arbitration of Appellant's Title VII claims, however, we do not reach this issue.

5

enforceable and binding. See id. at 885. However, "the normal inter-pretive rule applicable to collective bargaining agreements -- one which presumes a dispute is arbitrable -- does not apply to statutory discrimination claims." Carson v. Giant Food, Inc., 175 F.3d 325, 331 (4th Cir. 1999). Rather, the collective bargaining agreement must clearly and unmistakably require arbitration of statutory discrimina-tion claims. See Wright v. Universal Maritime Serv. Corp., 119 S. Ct. 391, 396 (1998). We have recognized two ways to determine whether a collective bargaining agreement has clearly and unmistakably waived the right to litigate statutorily-based antidiscrimination claims. First, "intent can be demonstrated through the drafting of an `explicit arbitration clause' pursuant to which the union agrees to submit all statutory employment-discrimination claims to arbitration." Brown, 183 F.3d at 321 (quoting Carson, 175 F.3d at 331). "Second, where the arbitration clause is `not so clear,' employees might yet be bound to arbitrate their federal claims if `another provision, like a nondis-crimination clause, makes it unmistakably clear that the discrimina-tion statutes at issue are part of the agreement.'" Id. (quoting Carson, 175 F.3d at 331).

In the present case, the district court relied upon the second method to conclude that the CBA's antidiscrimination provision clearly and unmistakably waives Appellants' rights to litigate their Title VII claims. In Brown, we addressed whether a collective bargaining agreement's language, which prohibited discrimination based upon, among other things, race, sex, age, or "any other discriminatory acts prohibited by law,"[4] constituted a clear and unmistakable requirement

_____

[4] The provision in Brown stated that:

> [t]he Employer and the Union agree not to discriminate against any individual with respect to hiring, compensation, terms or conditions of employment because of such individual's race, color, religion, sex, age, or national origin nor will they limit, segregate or classify employees in any way to deprive any indi-vidual employee of employment opportunities because of race, color, religion, sex, age, or national origin or engage in any other discriminatory acts prohibited by law. This Article also covers employees with a qualified disability under the Ameri-cans with Disabilities Act.

Brown v. ABF Freight Sys., Inc., 183 F.3d 319, 320 (4th Cir. 1999) (emphasis added).

6

that employees arbitrate their statutory discrimination claims. See id. at 320-22. We stated that "[w]hile the language of this contractual agreement not to discriminate on certain specified bases in certain specified ways may parallel, or even parrot, the language of federal antidiscrimination statutes and prohibit some of the same conduct, none of those statutes is thereby explicitly incorporated into the agreement, by reference or otherwise." Id. at 322 (emphasis added and internal citations omitted). Therefore, the rights established by the provision were not congruent with those created by the federal statutes, and "an arbitrator in interpreting the scope of those rights pursuant to the general arbitration clause will be bound to interpret the explicit terms of the agreement rather than of any federal statutory antidiscrimination law." Id. We rejected the argument that the language barring "any other discriminatory acts prohibited by law" in the agreement was an explicit incorporation of federal statutory language, stating that

> [t]here is a significant difference, and we believe a legally dispositive one, between an agreement not to commit discriminatory acts that are prohibited by law and an agreement to incorporate, in toto, the antidiscrimination statutes that prohibit those acts. We believe that where a party seeks to base its claim of waiver of the right to a federal forum on a claim of "explicit incorporation" of the relevant federal antidiscrimination statute into the terms of the CBA, a simple agreement not to engage in acts violative of that statute (which, it bears noting, would be significantly more explicit than the vague reference to acts prohibited by "law" that we have before us) will not suffice. Rather, the parties must make "unmistakably clear" their intent to incorporate in their entirety the discrimination statutes at issue.

Id. (emphasis added and internal citations and quotation marks omitted).

In the present case, the CBA provisions at issue are substantially similar to those in Brown. Here, the CBA explicitly refers to federal law, but only in the context of prohibiting discrimination that is "contrary to the provisions of Federal and State law." (J.A. at 571.) In other words, it constitutes "a simple agreement not to engage in acts

7

violative of [federal law]" as opposed to "an agreement to incorporate, in toto, the antidiscrimination statutes that prohibit those acts." Brown, 183 F.3d at 322. There is little material difference between a provision that bars discriminatory "acts prohibited by law," as in Brown, and a provision that prohibits discriminatory acts "contrary to provisions of Federal and State law," as in the present case. In each instance, the antidiscrimination provision constitutes "a simple agreement not to engage in acts violative of that statute." Id. And, in each instance, the antidiscrimination provision does not purport to incorporate all of the antidiscrimination statute's requirements in toto, including, for example, all potential remedies that might be available under Title VII.[5] Under our holding in Brown, the language in the CBA simply does not constitute an explicit incorporation of statutory requirements, and, therefore, it cannot be a clear and unmistakable waiver of Appellants' rights to litigate their Title VII claims.

III.

In conclusion, the CBA does not clearly and unmistakably waive Appellants' rights to litigate their Title VII claims. The CBA's antidiscrimination provision, at best, constitutes an agreement not to violate Title VII, rather than an explicit incorporation of Title VII's requirements. Accordingly, we reverse the district court's grant of

_____

[5] Healthtex argues, nevertheless, that notwithstanding the similarity between the antidiscrimination provision at issue and the antidiscrimination provision in Brown v. ABF Freight Sys., Inc., 183 F.3d 319 (4th Cir. 1999), the CBA as a whole is distinguishable because, unlike in Brown, the CBA explicitly makes arbitration the exclusive means of resolving all disputes "relating directly or indirectly to the provisions of [the CBA]," (J.A. at 570) including those covered in the antidiscrimination provision. We disagree. First, broad but unspecific language in a general arbitration clause, such as that in the present case, is insufficient to effect a waiver of statutory rights. See Brown, 183 F.3d at 322. Second, although the arbitration provision makes arbitration the exclusive remedy for those disputes that must be arbitrated under the CBA, it has no bearing on the question before us, i.e., whether the present dispute itself must be arbitrated. We, therefore, find this distinction unavailing.

summary judgment to Healthtex and remand for further proceedings consistent with this opinion.**6**

REVERSED AND REMANDED

_____

**6** Healthtex also argues that even if the CBA does not clearly and unmistakably waive Appellants' rights to litigate their Title VII claims, we should affirm summary judgment on the alternate grounds that Newton, Giggetts, and Anderson did not exhaust their EEOC remedies and that Appellants failed to raise a triable issue of fact as to the merits of their Title VII claims. We find it more appropriate to remand these previously unaddressed issues to the district court. Cf. Virginia Hosp. Assoc. v. Baliles, 830 F.2d 1308, 1310 n.1 (4th Cir. 1987) (remanding even though parties argued other grounds for summary judgment because "[t]he district court did not address these arguments, and the parties alluded to them only briefly in their briefs to this court").

9